**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JULIE FEATHERSTONE,**

                              **Plaintiff,**

    **vs.**                                               **3:17-CV-565
                                                           (MAD/DEP)**

**CORNELL UNIVERSITY,**

                              **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**JULIE FEATHERSTONE**
1374 Stone Creek Lane #108
Charlottesville, VA 22902
Plaintiff, *pro se*

**CORNELL UNIVERSITY**                   **JARED M. PITTMAN, ESQ.**
Office of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

This action arises out of Plaintiff's employment with Defendant Cornell University, where she worked for eleven years. *See* Dkt. No. 1 at 6.[1] Plaintiff brings claims for retaliation, hostile work environment, and discrimination under Title VII of the Civil Rights Act of 1964, and wage discrimination and retaliation under the Equal Pay Act of 1963. *See id.* at 17-23.

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

Before bringing this case in federal court, Plaintiff filed a complaint with the New York Division of Human Rights ("SDHR") on July 21, 2016, asserting several claims, including retaliation, hostile work environment, and discrimination. *See* Dkt. No. 14-3 at 2-3. SDHR conducted a thorough investigation of Plaintiff's claims in which it interviewed twelve witnesses and reviewed voluminous documents relating to Plaintiff's allegations. *See* Dkt. No. 14-7. Ultimately, SDHR concluded that there was no probable cause to support Plaintiff's allegations and dismissed Plaintiff's complaint. *See* Dkt. No. 14-4 at 5.

Plaintiff subsequently filed an Article 78 petition in New York State Supreme Court, Tompkins County, challenging SDHR's finding of no probable cause. *See* Dkt. No. 14-5 at 2. Plaintiff's petition named both SDHR and Cornell University as respondents. *See id.* The court reviewed briefing from the parties and heard oral arguments from Plaintiff and Cornell University. *See* Dkt. No. 14-12 at 8. Ultimately, the court dismissed Cornell University for lack of personal jurisdiction, but it still reached the merits of the case and concluded that SDHR's finding of no probable cause was not arbitrary and capricious, and the court dismissed Plaintiff's petition. *See id.* at 3, 7. On May 23, 2017, Plaintiff filed the complaint in this action. *See* Dkt. No. 1. Defendant moved to dismiss, Plaintiff filed an opposition, and Defendant submitted a reply. *See* Dkt. Nos. 14, 16, 17.

### III. DISCUSSION

**A.    Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's

favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim." *See* FED. R. CIV. P. 8(a)(2). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and present claims that are "plausible on [their] face," *id.* at 570.

"[A] federal court must give . . . a state-court judgment the same preclusive effect as would be given [to] that judgment under the law of the State in which the judgment was rendered." *Mejia v. N.Y.C. Health & Hosp. Corp.*, No. 13-CV-2434, 2014 WL 2115109, *2 (S.D.N.Y. May 19, 2014). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). "The party seeking the benefit of collateral estoppel bears the burden of demonstrating the identity of issues in the two proceedings while the opponent bears the burden of establishing the absence of a full and fair opportunity to litigate the issue in the first action." *Hames v. Morton Salt, Inc.*, No. 12-CV-394, 2015 WL 12552030, *3 (W.D.N.Y. Apr. 10, 2015). Collateral estoppel, or issue preclusion, may be asserted by a defendant regardless of whether they were a party to the prior litigation. *See Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, *10 (E.D.N.Y. Mar. 11, 2016).

"Dismissal under Rule 12(b)(6) is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and

3

consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." *Wachtmeister v. Swiesz*, 59 Fed. Appx. 428, 429 (2d Cir. 2003). "[I]n deciding motions to dismiss in discrimination actions, courts regularly take notice of [SDHR] filings and determinations relating to a plaintiff's claims." *Mejia*, 2014 WL 2115109, at *2.

**B.     Plaintiff's Claims**

In this action, Plaintiff brings claims under Title VII and the Equal Pay Act, and Defendant argues that both sets of claims should be dismissed as barred by collateral estoppel because the issues in this case were resolved by SDHR and affirmed by the state court. *See* Dkt. No. 14-1 at 11. The United States Supreme Court has held that a "no probable cause" determination by SDHR that has been reviewed and affirmed by a state court has preclusive effect on subsequent federal litigation. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982); *see also Yan Yam Koo v. Dep't of Bldgs. of City of N.Y.*, 218 Fed. Appx. 97, 99 (2d Cir. 2007) ("While the agency determination in and of itself did not preclude [plaintiff's] action, preclusive effect attached once the state court reviewed and affirmed [SDHR's] finding of no probable cause"). This rule applies even where the SDHR complaint and Article 78 petition are filed *pro se*, and where the plaintiff may not have understood that the state court's ruling on the Article 78 petition would foreclose future access to the courts. *See Mejia*, 2014 WL 2115109, at *3.

Since mutuality of parties is not a requirement of collateral estoppel, Cornell University's dismissal in state court does not affect its ability to assert collateral estoppel in this case. Even if this Court were to disagree with the outcome of the Article 78 petition, this Court may not reexamine the issues already decided by the New York State Supreme Court. Therefore, the question here is whether the issues decided in Plaintiff's SDHR proceeding and Article 78 petition prevent Plaintiff from establishing necessary elements of her claims in this case.

4

First, Plaintiff alleges retaliation, hostile work environment, and discrimination under Title VII. In her SDHR complaint, Plaintiff asserted the same claims based on the same underlying facts but pursuant to New York State Human Rights Law. SDHR found that there was no probable cause to support Plaintiff's New York State Human Rights Law claims, and the state court affirmed that determination in the Article 78 proceeding. It is well settled that the standard for analyzing hostile work environment, retaliation, and discrimination claims is the same under Title VII and New York State Human Rights Law. *See Chavis v. Wal-Mart Stores, Inc.*, No. 15-CV-4288, 2017 WL 3037536, *2 (S.D.N.Y. July 18, 2017). Therefore, it would be impossible to resolve the Title VII claims in Plaintiff's favor in a manner that would be consistent with the state court's Article 78 decision. *See Barnes v. N.Y.S. Div. of Human Rights*, No. 14-CV-2388, 2016 WL 110522, *5 (S.D.N.Y. Jan. 8, 2016) ("[F]ederal courts within this Circuit have repeatedly applied collateral estoppel in similar situations where, as here, (1) discrimination claims were made to the NYSDHR, (2) the NYSDHR issued a finding of no probable cause, (3) the plaintiff challenged the NYSDHR's determination and procedures in state court and (4) the NYSDHR's determination was affirmed by the New York courts"). Accordingly, Plaintiff's Title VII claims are dismissed.

Second, Plaintiff brings claims of wage discrimination and retaliation under the Equal Pay Act. In order to prevail on a wage discrimination claim under the Equal Pay Act, a plaintiff must show that her employer pays different wages to employees of the opposite sex. *See Husser v. N.Y.C. Dep't of Educ.*, 137 F. Supp. 3d 253, 265 (E.D.N.Y. 2015). Here, SDHR found that "there is insufficient evidence to conclude that [Plaintiff] was paid less than any comparable male counterparts," and SDHR's determination was affirmed by the Article 78 court. Because Plaintiff is precluded from relitigating that issue in the present action, her wage discrimination claim must

5

be dismissed.  Plaintiff also brings a claim for retaliation under the Equal Pay Act, which is based on the same facts as her Title VII retaliation claim.  Because retaliation claims under Title VII, the Equal Pay Act, and New York State Human Rights Law are analyzed under the same standard, *see Johnson v. J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296, 312 (S.D.N.Y. 2016), Plaintiff's retaliation claim under the Equal Pay Act must also be dismissed.

Finally, the Court notes that Plaintiff has not shown that she lacked a full and fair opportunity to litigate the issues in question in her prior action.  The state court did not note any defects in the SDHR proceeding, and it found that SDHR's investigation was thorough.  *See* Dkt. No. 14-12 at 5.  The combination of the SDHR proceeding and Article 78 review provided Plaintiff a full and fair opportunity to present her claims.  *See Mejia v. N.Y.C. Health & Hosp. Corp.*, 622 Fed. Appx. 70, 71 (2d Cir. 2015) (ruling that a plaintiff who filed her SDHR complaint and Article 78 petition *pro se* had a full and fair opportunity to litigate her claims even though SDHR did not hold a hearing or a conference).

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).  However, an opportunity to amend is not required where, as in this case, "the problem with [a plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Because Plaintiff's claims in this case are barred by collateral estoppel, her complaint is dismissed without leave to amend.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's complaint is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment dismissing this action.

**IT IS SO ORDERED.**

Dated: October 19, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge